**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MICHAEL WINSTON, )
        Plaintiff, )
              ) Case No. 1:09-cv-223-SJM
    v. )
TOM RIEL, *et al.*, )
        Defendants. )

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., District J.,

    Plaintiff Michael Winston filed this *pro se* civil action alleging that his federal civil rights were violated in connection with an assault he suffered in the City of Bradford. Named as Defendants are various law enforcement and/or city officials, *to wit*: Tom Riel (identified as "Mayor, Public Affairs & Police"), Ross Veidich (identified as "City Councilman for Public Safety"), Mike Close (identified as "Chief of City Police"), and Brian Miller and Steve Green (each identified as "Police Officer City"). Now pending before the Court is a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. STANDARD OF REVIEW

    When deciding a Rule 12(b)(6) motion to dismiss, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008). Because Plaintiff is proceeding *pro se*, his complaint must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Brown v. City of Long Branch*, No. 09-3632, 2010 WL 1980997 at *2 (3d Cir. May 19, 2010) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This

notwithstanding, "[t]o survive a motion to dismiss, a complaint – even a pro se complaint –'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Thakar v. Tan*, No. 09-2084, 2010 WL 1141397 at *2 (3d Cir. March 25, 2010) (*quoting Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). *See also Brown*, *supra*, at *2 ("The factual allegations in the complaint must be sufficient to '"raise a right to relief above the speculative level."'") (*quoting Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

## II.  DISCUSSION

In his complaint, Plaintiff cites a slew of federal constitutional and statutory provisions, some of which are jurisdictional or venue-related and some of which are substantive in nature. Among the statutory citations are certain provisions of the federal civil rights laws as well as various provisions of the federal criminal code.

Despite his invocation of numerous provisions of federal law, Plaintiff's factual averments are sparse and his theory of liability is unclear.[1] He claims that he was "beat up by three people on the streets of Bradford City" and "the police came and refused to help or give Plaintiff [any] right to relief on or before Dec 20th 07." (Compl. [2] ¶ 8 p. 2.)

---

[1] After Defendants filed the pending motion to dismiss, this Court entered a briefing order directing the Plaintiff to file a response to the Rule 12(b)(6) motion on or before November 9, 2009. (*See Text Order* dated October 8, 2009.) Though Plaintiff never filed an actual brief in opposition to the motion, he subsequently filed, in response to various unrelated court orders, a lengthy document entitled "Response to Memorandum Orders" [13], which this Court has reviewed with an eye toward identifying additional allegations that might lend factual support to Plaintiff's claims. Unfortunately, that document is of little help, being in the nature of a stream-of-conscious narrative in which the Plaintiff discusses his past misfortunes in life and expresses his frustration with what he perceives to be the inadequacies and corruption of the legal system.

2

Plaintiff alleges that the named Defendants "are jointly responcible [sic] for training conduct and enforcement of all laws and rights in as [sic] United States of America Article VI..." (*Id*.)  He further claims that he has "relentlesly [sic] wrote [sic] and called every local state and federal office to complain which is also a right to complain and to get redrees [sic]," but he "has been refused by all local state and federal government [departments]..."  (*Id*. at ¶ 9 p. 3.)

1. <u>42 U.S.C. § 1983</u>

Construing these vague allegations most liberally in the Plaintiff's favor, it seems most plausible that he is attempting to plead a federal cause of action under 42 U.S.C. § 1983.[2]  In order to state a viable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)).  *See also Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  Here, Plaintiff's complaint fails to allege facts which, if proven, would establish that the named Defendants violated a right secured by federal law.

It appears, for example, that the Plaintiff may be attempting to assert a violation of his substantive due process rights under the Fourteenth Amendment.  The essence of Plaintiff's complaint seems to be that he was assaulted by three private individuals

---

[2] Section 1983 provides a private right of action as against:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...

42 U.S.C.A. § 1983.  To the extent Plaintiff is purporting to state a claim under § 1983, this Court's jurisdiction is premised on 28 U.S.C. §§ 1331 and 1343(a).

within the City of Bradford and city police officers (presumably Defendants Miller and Green) declined to give him assistance. His allegation that the officers "refused to ... give Plaintiff right to relief" may mean that they declined to investigate the incident or arrest the individuals who assaulted the Plaintiff. Alternatively, he may be complaining that the Defendants failed to attend to his physical needs and/or that they failed to protect him from the harm in the first place.

Assuming these facts to be true, however, they do not establish a Fourteenth Amendment due process violation. While individuals have a constitutional liberty interest in personal bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment, *see D.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1368 (3d Cir.1992) (citation omitted), that clause does not impose an affirmative obligation on the state to protect its citizens from private danger. *See DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008).

One exception to that rule is the "special relationship" theory, which applies when the government has engaged in an "affirmative act of restraining the individual's freedom to act on his own behalf – through incarceration, institutionalization, or other similar restraint of personal liberty." *DeShaney v. Winnebago County Dept. of Social Serv.*, 489 U.S. 189, 200 (1989). Plaintiff, however, does not allege any facts that would support the existence of such a "special relationship" in this case.

There is another exception to the general rule that the Due Process Clause does not impose upon governmental actors an affirmative duty to protect private individuals from harm committed by other private individuals. This exception is known as the so-called "state-created danger" theory which, as our circuit court of appeals has explained,

> requires plaintiffs to meet a four-part test: (1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct; (2) the state-actor acted in willful disregard for the plaintiff's safety; (3) there was some relationship between the state and the plaintiff; and (4) the state-actor used his authority to create an opportunity for danger that otherwise would not

have existed.

*Phillips*, 515 F.3d at 235 (footnote omitted) (*citing Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir.2006) and *Rivas v. City of Passaic*, 365 F.3d 181, 194 (3d Cir.2004)). Here, however, Plaintiff has fail to allege facts demonstrating: (i) that any kind of relationship existed between himself and the named Defendants, (ii) that the named Defendants used their authority to create a dangerous situation for the Plaintiff which would not otherwise have existed absent their involvement, or (iii) that the harm which he ultimately suffered was a foreseeable and direct result of the Defendants' conduct.

Nor can the Plaintiff viably allege a constitutional tort based on the Defendants' failure to arrest or prosecute the individuals who allegedly assaulted him. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) (discussing prosecutorial discretion); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, No. No. 09-31000, 2010 WL 774185 at *2 (5th Cir. Mar. 8, 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Sanders v. Downs*, Civil Action No. 3:08-CV-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar. 9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (quoting *Fuchs v. Mercer County*, 260 Fed. Appx. 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, Civil Action No. 06-54 Erie, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff).

Plaintiff may also be complaining that his own personal right to access the courts was violated. *See Complaint* [2] at ¶ 9 p. 3 ("The Plaintiff has relentlesly [sic] wrote [sic] and called every local state and federal office to complain which is also a right to complain and to get redress[.] Plaintiff has been refused by all local state and federal government [Departments]."). The right to access the courts has been variously described as a variant of Fourteenth Amendment due process rights and the First Amendment right to petition for redress of grievances. *See Roberts v. Mentzer*, No. 09-3251, 2010 WL 2113405 at *2 (3d Cir. May 27, 2010) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.") (citing *Woodford v. Ngo*, 548 U.S. 81, 122 (2006))*; Brown v. Grabowski*, 922 F.2d 1097, 1113 (3d Cir. 1990) ("The due process clause of the fourteenth amendment imposes upon state actors an obligation to refrain from preventing individuals from obtaining access to the civil courts.") (citing authority).

To the extent Plaintiff's complaint is attempting to assert this type of constitutional tort, however, such a claim suffers from two obvious defects. The first is that the conduct complained of is not specifically alleged to have involved conduct on the part of the named Defendants; rather, the alleged wrongdoers are alleged to be unidentified "local state and federal" officials.

Moreover, to the extent Plaintiff is complaining about conduct of the named Defendants, his complaint is deficient because he has alleged no facts that would demonstrate that his right to access the courts was violated. *See Roberts v. Mentzer, supra*, at *2 (In order to maintain a suit based on denial of the First Amendment right of access to courts, a plaintiff must "demonstrate that a defendant caused 'actual injury' ... i.e., took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" (*quoting Beckerman v. Susquehanna Twp. Police & Admin*., 254 Fed. Appx. 149, 153 (3d Cir.2007)). For purposes of due process, state actors are obligated "to refrain from preventing individuals from obtaining access to the civil courts," *Brown*, 922 F.2d at 1113, but it is "only when the state has custody of an individual" that "its

6

actors, to ensure that the individual receives due process, [must] provide assistance in gaining access to the courts." *Id*. There is no suggestion here that Plaintiff was in custody or otherwise prevented from pursuing civil remedies in court, and the Defendants therefore had no constitutional obligation to assist him in that regard. Finally, as we have seen, Plaintiff has no constitutional right to enforce the criminal prosecution of other individuals.

Accordingly, the complaint does not state a viable § 1983 claim predicated on violations of the Due Process Clause or the First Amendment. The complaint also references, as ostensible bases of federal jurisdiction, the Fifth, Sixth, Ninth, and Nineteenth Amendments to the U.S. Constitution as well as Articles III, IV and VI thereunder. As these constitutional provisions have no facial relevance whatsoever to the facts stated in the complaint, we need not address them further.

Moreover, because Plaintiff has not alleged the violation of his constitutional or statutory rights, he cannot maintain a § 1983 claim against any Defendant on the theory of supervisory liability. *See Camp v. Brennan*, 54 Fed. Appx. 78, 81 (3d Cir. 2002) (where plaintiff failed to prove misconduct by subordinate prison officials, he necessarily failed to establish supervisory liability on the part of those responsible for the policies in question); *Page v. City of Trenton*, 2005 WL 3588477 at *11 (D.N.J. Dec. 29, 2005) ("Because this Court finds that there is no evidence that the police officers violated [the plaintiff's] constitutional rights, there is no basis for municipal or supervisory liability.").

Even if Plaintiff had alleged the violation of his constitutional rights, it is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing authority). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence, but such allegations "must be made with appropriate particularity." *Id*. No such allegations are set forth in the complaint here.

7

2. 42 U.S.C. § 1981

It appears Plaintiff also may be asserting a claim premised on 42 U.S.C. § 1981, which provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Subsection (c) of the statute provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." *Id*. at § 1981(c).

Our Circuit Court of Appeals has held that no private right of action against state actors can be implied under § 1981 beyond that which is already provided for by § 1983. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115, 121 (3d Cir. 2009). Accordingly, the complaint states no basis for civil relief under § 1981.

In addition, § 1981 is designed to protect individuals from deprivation of their rights based on racial discrimination. As our Court of Appeals has explained:

> Section 1981 prohibits racial discrimination in the making and enforcement of contracts and property transactions. 42 U.S.C. § 1981. Thus, in order to succeed on a claim under § 1981, a plaintiff must generally demonstrate: "(1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981, including the right to make and enforce contracts." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir.2002) (quotation omitted). A plaintiff need not be a member of a racial minority to bring a § 1981 claim; "[a] white person who is injured as a result of his or her efforts to defend the rights of non-whites has standing to sue under § 1981." *Alder v. Columbia Historical Soc.*, 690 F. Supp. 9, 15 (D.D.C.1988).

*Schultz v. Wilson*, 304 Fed. Appx. 116, 119 (3d Cir. 2008).

Here, the complaint contains no factual averments supporting an inference that the Plaintiff was discriminated against on the basis of his race or, indeed, that any discrimination occurred concerning one or more of the activities enumerated in the statute. *See Brown v. Philip Morris, Inc*., 250 F.3d 789, 797 (3d Cir.2001). Accordingly,

8

he has stated no claim premised on a violation of § 1981.

3. <u>42 U.S.C. §§ 1985 and 1986</u>

Plaintiff also appears to be relying in some fashion on 42 U.S.C. § 1985 (pertaining to conspiracies to interfere with civil rights) and § 1986 (pertaining to derivative actions for the failure to prevent such conspiracies). Neither of these provisions provides a plausible basis for relief here.

Section 1985(3) – the only conceivably applicable provision – "requires a plaintiff to allege that invidious racial or otherwise class-based discriminatory animus lay behind the defendants' actions, and he must set forth facts from which a conspiratorial agreement between the defendants can be inferred." *Brookhart v. Rohr*, No. 10-1449, 2010 WL 2600694 at *2 (3d Cir. June 30, 2010) (slip copy) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)). Plaintiff has not alleged that he was a member of a protected class, nor has he alleged any facts to support the existence of a conspiracy. No claim has been stated, therefore, as to 42 U.S.C. § 1985.

Further, to maintain a cause of action under 42 U.S.C. § 1986, a plaintiff must show the existence of a section 1985 conspiracy. *Brookhart*, *supra*, at *2 (citing *Clark v. Clabaugh*, 20 F.3d 1290, 1295 n. 5 (3d Cir.1994)). Because Plaintiff has failed to allege a § 1985(3) violation, he cannot assert a cause of action under section 1986. *Id*.

4. <u>Federal Criminal Statutes</u>

The complaint also includes citations to numerous provisions of the federal criminal code, including 18 U.S.C. §§ 241, 242, 245, 246, and 1515.[3] To the extent that Plaintiff seeks to assert claims under federal criminal statutes, those claims are futile

---

[3] Perhaps in an attempt to demonstrate federal subject matter jurisdiction, the complaint cites as well to 18 U.S.C. § 3231.

9

and must be dismissed as a matter of law, inasmuch as there is no private right of action under the federal criminal statutes. *See Walthour v. Herron*, Civil Action No. 10-01495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242, 245, 247, 371 or 1951) (slip copy); *Jones v. Lockett*, 2009 WL 2232812 at *8 (W.D. Pa. July 23, 2009) (slip copy) ("It is clear that the criminal statutes invoked by Plaintiff, i.e., 18 U.S.C. §§ 241, 371 and 1341 do not provide for a private cause of action. In other words, those statues do not confer a right to a person.") (collecting cases); *People ex rel. Snead v. Kirkland*, 462 F. Supp. 914, 920 (E.D. Pa.1978) ("[18 U.S.C. § 245] permits federal prosecution for interference with a long list of federally protected activities; it confers neither substantive rights nor a private right of action for damages").

5. Amendment

Courts in this circuit have been instructed that, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir.2008)). Because Plaintiff's allegations – to the extent they are comprehensible – suggest no basis for the existence of a viable legal claim, I find that further amendment would be futile. Accordingly, the complaint will be dismissed.

### III.  CONCLUSION

Based upon the foregoing reasons, the Defendants' motion to dismiss the complaint will be granted. An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WINSTON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:09-cv-223-SJM |
| TOM RIEL, *et al.*, | ) |
| Defendants. | ) |

# **O R D E R**

AND NOW, *to wit*, this 3rd day of September, 2010, based upon the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that the Defendants' Motion [5] to Dismiss Plaintiff's Complaint be, and hereby is, GRANTED.

                                                        s/    Sean J. McLaughlin

                                                            SEAN J. McLAUGHLIN
                                                            United States District Judge

cm:    All parties of record.

        MICHAEL WINSTON
        58 DUNBAR RD.
        PORT ALLEGANY, PA 16743